Martin, J.
There are two questions here for solution.
1. Are the note and mortgage valid securities?
2. Did the plaintiff promise as alleged to release those securities, and if so, is his promise valid?
The money was due from William A. Ewing. It was a trust fund which he was unable to pay to his beneficiaries, because he had wrongfully appropriated it to his own use. The note was payablé nominally to the plaintiff, but in fact to him in trust for the same beneficiaries. The acceptance of the note and mortgage was an indulgence and special favor to Ewing. The note would not have been accepted without the mortgage. It was accepted with the mortgage by the adult beneficiaries and the guardians of the minors. *405 Alexander H. Ewing (who alone defends) gave the mortgage with full knowledge of all the material facts, and cannot in this action question the validity of either security. Each party did everything' that was agreed to be done and the consideration cannot be disputed.
It is objected that the taking of these securities was not authorized or ratified by the court in Chicago, nor by the several courts that appointed the guardians. The consequence of these omissions, it is claimed, is that the minors may, on attaining majority, repudiate the transaction, and successfully plant a suit on the official bond of the trustee. That is, if the note caiinot be collected and the minors’ share paid their guardians, they have the additional remedy. There is no injustice in this, and we fail to see how it affects the validity of the note. At the utmost the settlement is voidable only at their election. This result is sanctioned by the law solely for their protection. The claim made would distort it to their injury. We are satisfied from the testimony that the taking of these securities was for the benefit of all the. beneficiaries, and that the guardians, in authorizing and ratifying the same, simply did their duty.
2. Was the promise-made out?
The master finds that the promise was made by Miner; and that he was then acting as agent for the plaintiff and some of the beneficiaries; and that he was not authorized to make it, and that the. parties for whom he was acting expressly refused to consent to the release of the securities. He also finds as matter of law that the promise is nevertheless binding on the plaintiff, because it was made under color of authority as agent.
Assuming the facts to be as found by the master, is the promise made out?
The general rule is, that as to third persons the principal is liable for the acts of his agent done within the general scope, of his authority, and that such authority may be general, though limited to a particular business. The promise was to Ewing, the trustee. He alone furnished the alleged consideration. And it is only available to *406 Alexander H. Ewing, the mortgagor, on the theory that it was a valid promise. The fund represented in these securities was originally a purely trust fund under the control of the trustee Ewing. It is still a trust fund belonging to- the same beneficiaries, and payable by the same trustee. The plaintiff intervened'as payee and mortgagee, for convenience, in taking the title and protecting the security from waste by the trustee. Besides it was impracticable for the trustee to take the title. , A similar contrivance was resorted to for the collection and disbursement of the. Chicago rents. The immediate control over them was withdrawn from the trustee with his consent and given to others. Nix collected them and Miner deposited them in his own name, and paid them out precisely as the trustee should have done. If the promise had been to pay the moneys of corresponding amount then on deposit in Miner’s name as agent, it would not have concluded the beneficiaries. An appropriation of trust property to his own use by a trustee is never warranted except under circumstances of absolute fairness. The consent of the beneficiaries must be given, with full knowledge of all the material facts affecting the transaction. Here both knowledge and consent are absent. It was the duty of the trustee, in dealing for his own advantage with this property, to see to it that the subject was ■ understood and assented to by the parties in interest. He was not a stranger or third party in the sense of .the rule that imputes to the principal a consent, when it does not in fact exist, to the act of an agent done within his apparent authority. The creation of the securities in question did not extinguish the claim of the minors, for which, in part, they were given. They are collateral and of benefit to the minors. And the trustee, being a party to them, was clearly bound to make them available as far as practicable. In dealing with them, therefore, he virtually dealt with his original liability and was subject to a trustee’s disabilities.
Again, the only consideration attempted to be shown is the resignation of the trustee. He had wrongfully appropriated trust funds and become inattentive to his duties, *407 and acquired personal habits which rendered him wholly unfit to retain the trust. Under these circumstances his beneficiaries requested him to resign.' It was his duty to have complied forthwith. He refused and insisted on' terms at the expense of the trust estate. On a promise, he resigned. The promise was of bounty to tbe extent of §2,500, in addition to a fair allowance for services and full reimbursement of expenses. This bounty was paid him. He claims' the promise was also to release and surrender the note and mortgage. Assuming that such was the promise, wé think the alleged consideration is not valid.
Waiving the question as to whether such bargain of the mere relation of trustee is invalid as against public policy, we are of opinion that the promise, under the circumstances stated, is void — a nudum pactum. His unconditional resignation was an act which he had no right to withhold. It was purely his duty, and therefore cannot serve as a. consideration for the promise. 1
In Parsons v. Thompson, 1 H. Bl., 322, the plaintiff was late master-joiner of a dock-yard. The defendant was his successor in regular order. The promise sued on was, to allow the defendant during life extra pay from the dockyard books in- addition to his superannuation money. . The consideration was the retiring of-the defendant as superannuated. The case involved the validity of the consideration, and it was treated and decided both with referen.ee to the existence of a consideration. for a simple contract and also as to its validity on grounds of public policy.
Lord Loughborough, in delivering the opinión, said: “ What is the consideration stated here ? That the plaintiff represented himself as unfit for future service and entitled to a pension for the past. This he did at-the request of the defendant - and on the promise from him'o-La certain allowance. Now the representation is either true or false. If true, there was no ground for any bargain with the defendant; the plaintiff did nothing for the defendant; all he did was for his own ease and advantage. If false, the *408 public is deceived, the pension misapplied, and the service injured.”
In Eddy v. Capron, 4 R. I., 394, the suit was on an order for money given by the defendant to a physician of a government hospital. The consideration was the resignation of the physician in favor of the defendant. The defendant received the appointment. As in the Parsons case, the decision turned on the consideration both as to its existence for the contract and also as to its lawfulness on grounds of public policy. In the opinion of the court, it is said:
“At the same time he has either resigned because he was obliged to do so to fulfil his design of removing to California — in which case there would be. no consideration for the defendant’s promise — or he has resigned because of it and because of the money offered to him, and so the promise is void, on the ground that the government is deprived of the services of an officer it had appointed, by his being seduced from an office under it by private and unworthy motives.”
It is elementary that the amount of benefit to the promisor or detriment to the promisee essential to a valuable consideration is immaterial. Any of either is enough. There was neither in this resignation, Jt was a restoration of rights and property unjustly withheld. Advantages accompanied it, but the acknowledged right to them previously existed.
A. promise in consideration of the-payment by the promisee of his undisputed and enforceable debt is quite analogous to the promise under consideration. Nor was there any detriment to the trustee. He had no property in the trust relation; and we must assume that on proper application his removal would have been prompt. In every view his resignation was right of itself, and must be held to have been beneficial to all parties, himself included. ■

Judgment reversed.